JL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Alejandro Antonetti Gomez,

Petitioner,

v.

Luis Rosa, Jr., *et al.*,

Respondents.

No.    CV-26-01487-PHX-JJT (DMF)

**ORDER**

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.) Petitioner has also filed an Emergency Motion for Temporary Restraining Order and Motion for Preliminary Injunction. (Doc. 2.) The Court will dismiss the Petition without prejudice and deny the Emergency Motion as moot.

Petitioner is native of Venezuela. (Doc. 1 ¶ 2.) Petitioner entered the United States on June 20, 2017 pursuant to a nonimmigrant E-2 visa but subsequently overstayed his visa. (*Id.* ¶¶ 17-18.)

On January 29, 2026, Petitioner was stopped by local law enforcement during a traffic stop. (*Id.* ¶ 24.) Petitioner was cited for driving without a license, but the charge was later dismissed. (*Id.*) Petitioner was then taken into the custody of Immigration and Customs Enforcement (ICE). Since he has been detained, ICE has transferred Petitioner between detention facilities.

As of the date of the Petition, Petitioner had been detained for 33 days without receiving a Notice to Appear. (*Id.* ¶ 25.) Petitioner asserts that because the Department of

Homeland Security (DHS) has not filed a Notice to Appear in his case, the Immigration Court lacks jurisdiction over his proceedings and, as a result, he is unable to request a custody redetermination hearing or any other relief from the Immigration Court. (*Id.* ¶ 26.)

Petitioner contends his detention without the initiation of removal proceedings and without a bond hearing violates the Fifth Amendment. (*Id.* at 6-8.)  Petitioner asks the Court to order Respondents to answer the Petition on an expedited basis; grant the Petition; order Respondents to immediately release him from custody and restore him to the same status and conditions under which he was previously present in the United States, pending the resolution of his removal proceedings, or, alternatively, order Respondents to immediately file a Notice to Appear and provide him with a prompt custody redetermination hearing before an Immigration Judge.  In his Emergency Motion, Petitioner asks the Court to prohibit Respondents from transferring him outside the District of Arizona while this case is pending.

According to the Executive Office of Immigration Review's Automated Case Information, Petitioner's immigration case was filed on March 3, 2026, and he has a Master Hearing scheduled for March 16, 2026 before an Immigration Judge in Florence, Arizona. Because the basis for the Petition is a lack of jurisdiction for his detention due to DHS's failure to file to initiate removal proceedings, it appears the Petition is moot.  Accordingly, the Court will dismiss the Petition and this case without prejudice and will deny the Emergency Motion as moot.

**IT IS ORDERED:**

(1)    The Petition (Doc. 1) and this case are **dismissed without prejudice**.  The Clerk of Court must enter judgment accordingly and close this case.

. . . .

. . . .

. . . .

. . . .

. . . .

(2)    Petitioner's Motion for Temporary Restraining Order (Doc. 2) is **denied as moot**.

Dated this 4th day of March, 2026.

_____
Honorable John J. Tuchi
United States District Judge

- 3 -